Prober & Raphael, A Law Corporation
Dean Prober, Esquire, #106207
Lee S. Raphael, Esquire, #180030
Cassandra J. Richey, Esquire #155721
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100
A.127-386
Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NELSON VILLIANUEVA REYES AKA NELSON V. REYES, NELSON REYES AND CLAIRE DE LA CRUZ REYES AKA CLAIRE D. REYES,<br><br>Debtors. | Bk. No. 10-60823<br><br>CHAPTER 13<br><br>R.S. No. LSR – 70<br><br>MOTION FOR RELIEF FROM <u>AUTOMATIC STAY</u><br><br>Hearing-<br>Date : August 30, 2011<br>Time : 10:00 AM<br>Place : U.S. Bankruptcy Court<br>       280 South First Street<br>       San Jose, California<br>       Courtroom 3099 |

Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-7, a holder in due course, its assignees and/or successors, move the Court for relief from the Automatic Stay provided by 11 U.S.C. §362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. §362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party (and its Trustee) may commence and continue all acts necessary to foreclose under the Deed of Trust secured by Debtors' property. This Motion is brought pursuant to 11 U.S.C. §362(d)(1) for "cause" and due to the failure of Debtors to make required payments as set forth in the Declaration, attached hereto and incorporated herein by reference. Debtors' failure to make

required payments provides "cause" for relief from the Automatic Stay in accordance with the ruling of the Bankruptcy Appellate Panel in In re: Ellis, 60 B.R. 432.

In addition, and in the event that this Court continues the Automatic Stay, Movant will seek adequate protection of its secured interest pursuant to 11 U.S.C. §§361 and 362, including a requirement that Debtors reinstate all past arrearages and immediately commence regular monthly payments.

Movant alleges that the commercially reasonable value of the subject Property is approximately $338,500.00, as evidenced by Debtor's Schedules A and D filed with this Court, a copy of which is attached hereto and made a part hereof. Movant requests that this Court take judicial notice of the aforementioned Schedules pursuant to Federal Rule of Evidence Section 201.

Movant also seeks an Order terminating and vacating the Automatic Stay for all purposes as it pertains to Movant's interest in the subject real Property, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

Furthermore, Movant seeks attorneys' fees and costs incurred in bringing this Motion. Movant requests such fees pursuant to the Contract securing Movant's claim or pursuant to 11 U.S.C. §506(b). Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note, pursuant to Travelers Casualty v. Pacific Gas and Electric Co., 549 U.S. _____ (2007), and as allowed under applicable non-bankruptcy law.

In addition, Movant requests such further relief as is just.

This Movant also seeks an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

This Motion shall be based on these moving papers, as well as the attached Declaration.

Responsive pleadings, points and authorities and declarations are not required, but may be filed, pursuant to Bankruptcy Local Rule 4001(f).

-2-
Case: 10-60823   Doc# 43   Filed: 07/26/11   Entered: 07/26/11 16:17:28   Page 2 of 3

| | |
|---|---|
| 1 | In the event neither Debtors, the Debtors' Counsel or the Trustee appears at a hearing on this motion, the Court may grant relief from the Automatic Stay permitting moving party to foreclose on the Debtors' property located at 46 Sierra Vista Place, **San Jose, California** and obtain possession of such property without further hearing. |

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Deed of Trust.

2.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

3.) For attorneys' fees and costs for suit incurred herein.

4.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

5.) For such other relief as this Court deems appropriate.

PROBER & RAPHAEL, A LAW CORPORATION

DATED: July 16, 2011  By /s/ Lee S. Raphael Esquire
LEE S. RAPHAEL, ESQUIRE, #180030
Attorney for Movant